IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JORGE ALBERTO ZALAZAR-FRANCO                                          PLAINTIFF

v.                          Civil No. 5:17-CV-05219

DR. KARAS, KARAS MEDICAL
SERVICES, and NURSE JAMIE                                            DEFENDANTS

## OPINION AND ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff, an inmate at the Washington County Detention Center, filed his Complaint on October 30, 2017. (ECF No. 1). On October 30, 2017, the Court entered an Order directing Plaintiff to file an Amended Complaint because Plaintiff had mistakenly listed himself as the Defendant involved for each of his claims. (ECF No. 3). Plaintiff filed his Amended Complaint on November 14, 2017. (ECF No. 6). In his Amended Complaint, Plaintiff again listed himself as the Defendant for each claim. *Id.* at 4, 5. Plaintiff did, however, clearly state for Claim One that he was given over ten times[1] the amount of insulin he was supposed to receive "by the nurse of this facility." *Id.* at 4. Plaintiff also alleges he was given the wrong type of insulin as well as an excessive dose for Claim

---

[1] Plaintiff alleges he was given 23 cc units of insulin rather than 2 cc units. (EF No. 6 at 4).

1

Two. *Id.* at 5. Plaintiff declined to provide a description of the custom or policy which he believed violated his rights for Claim One, crossing out that section. *Id.* For Claim Two, Plaintiff alleges the custom or policy is "carelessness and not being attentive to dosage needed or proper insulin." *Id.* at 7.

Plaintiff proceeds against all Defendants in both their personal and official capacities. *Id.* at 4, 5. Plaintiff seeks compensatory and punitive damages. *Id.*.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff failed to state a plausible official capacity claim against any Defendant. Under Section 1983, a defendant may be sued in either his individual capacity, or in his

official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained in the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of Cty. Comm'rs, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Here, Plaintiff has not identified any specific policy or custom of Washington County which violated his rights. Instead he alleges only that there was general carelessness and inattention to medication details. Such vague and conclusory allegations cannot support an official capacity claim. *See Nix v. Norman,* 879 F.2d 429, 433 (8th Cir. 1989). ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . .or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional

manner."); *Arnold v. Corizon, Inc*, No. 1:15CV62, 2015 WL 4206307, at *2 (E.D. Mo. July 10, 2015) (conclusory claims that defendants acted according to some unspecified policies or customs are not enough to state official capacity claims).

Plaintiff's personal capacity claims against Karas Medical Services must likewise fail because he did not allege any action or inaction by this Defendant which violated his rights. As stated above, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin*, 780 F.2d at 1337.

### IV. CONCLUSION

Plaintiff's claims against Karas Medical Services and his official capacity claims against Nurse Jamie and Dr. Karas are **DISMISSED WITHOUT PREJUDICE** because they are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). Plaintiff's personal capacity claims against Dr. Karas and Nurse Jamie remain for further consideration.

Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED.** Pursuant to the provisions of the Prison Litigation Reform Act, **the clerk is directed to collect the $350.00 filing fee from the Plaintiff.** Service will be addressed by separate order.

**IT IS SO ORDERED** on this 20th day of December 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE